IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LUBNA S. MOHAMMAD,

                  Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

                  Defendant.

Case No. 1:23-cv-000691-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge

      Plaintiff Lubna Mohammad brings this cause of action against Defendant Liberty Insurance Corporation ("Liberty") for breach of an insurance contract and breach of the duty of good faith and fair dealing. Plaintiff also brings a claim for negligence per se based on Liberty's alleged violations of the Oregon Unfair Claims Settlement Practices Act, ORS 746.230. Liberty now moves to dismiss Plaintiff's negligence per se claim. Full consent to magistrate jurisdiction was entered on April 18, 2024 (#28). For the reasons below, the motion (#27) is DENIED.

**LEGAL STANDARD**

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**DISCUSSION**

Liberty moves to dismiss Plaintiff's negligence per se claim for failure to state a claim for relief under Rule 12(b)(6). Liberty's main objection to this claim, however, is that Plaintiff has pled insufficient indicators of serious emotional injury such that she can maintain a claim for emotional distress damages caused by the alleged negligence. The Court disagrees.

The Oregon Supreme Court has recently recognized an insured's ability to bring a negligence per se claim based upon an insurer's violation of ORS 746.230. *Moody v. Oregon Community Credit Union,* 371 Or. 772 (2023). That same decision also held that emotional distress damages can be asserted against an insurer for such a negligence per se claim. *Id.* The *Moody* Court was careful to limit its holding in this regard, and it emphasized the importance of a "limiting principle, in addition to foreseeability, to avoid indeterminate and potentially unlimited liability." *Id.* at 805 (citing *Philibert v. Kluser*, 360 Or. 698, 704, 385 P.3d 1038, 1042 (2016)). The Court explained that the plaintiff in the *Moody* case alleged a legally protected interest that provides that limiting principle:

> [T]hat is, plaintiff, as the surviving spouse of a deceased breadwinner, has a legally protected interest sufficient to support a

> common-law negligence claim for emotional distress damages against her husband's life insurer for failure to reasonably investigate and promptly pay her claim for insurance benefits. ... Oregon statutory law imposes an obligation to protect that interest. In undertaking to provide insurance benefits, an insurer not only undertakes to provide necessary financial resources but also undertakes to provide the peace of mind that comes with knowing that those resources will be promptly paid, alleviating emotional distress and avoiding further psychological harm.

*Id.* The Court outlined several factors that courts must consider in evaluating whether emotional distress damages are available: (1) whether the parties are in a relationship of mutual expectation of service and reliance, (2) whether the services provided are intended to avoid inflicting emotional as well as financial harm, and (3) whether there are objective indicators of possibly serious emotional injury. *Id.* (internal citations omitted). "Considering all of those factors, and not relying on any one of them alone," the Court concluded "that the insurance claim practices that ORS 746.230 requires and the emotional harm that foreseeably may occur if that statute is violated are sufficiently weighty to merit imposition of liability for common-law negligence and recovery of emotional distress damages." *Id.*

In reiterating the limitations of its holding, the *Moody* court noted that this conclusion does not make every contracting party liable for negligent conduct that causes purely psychological harm, nor does it make every statutory violation the basis for a negligence per se claim for emotional distress damages. *Id.* at 806. The Court explained:

> Few contracting parties promise to provide necessary financial resources on the death of a spouse knowing that their obligation to act reasonably in doing so is required by statute. And few statutes impose obligations on contracting parties designed to protect the parties from the type of emotional harm that plaintiff in this case allegedly suffered.

*Id.* This explanation makes clear that, while the Court's holding was meant to be narrow as to the entire range of potential negligence per se claims based on all statutory schemes in Oregon,

Page 3 – OPINION AND ORDER

the Court considers ORS 746.230 to be uniquely situated to impose obligations on insurers that are designed to protect insureds from both financial and emotional harm.

In this case, Plaintiff brings a negligence per se claim for emotional distress damages based on Liberty's alleged violations of ORS 746.230(1)(d) and (1)(f), the same statutory provisions evaluated in *Moody*. As determined in *Moody*, this statute imposes obligations on insurers designed to protect insureds from financial burdens and emotional harms. Therefore, Plaintiff's claim is maintainable as long as Plaintiff has adequately stated a claim for relief under the federal pleading standards.

Plaintiff's factual allegations state that she was the owner of the premises located in O'Brien, Oregon, and she had purchased a Homeowner's Insurance Policy, insuring her dwelling, contents, other structures, and other covered items.[1] The Policy was issued and renewed, and was in effect on July 5, 2022, when an unknown trespasser vandalized and damaged the premises, structures, and many contents therein. Plaintiff submitted a claim under the Policy for the damage and physical loss caused by the trespass and vandalism. Liberty denied the claim, and Plaintiff asserts this was a breach of the contract. Plaintiff asserts the following physical losses as damages:

> a. Dwelling, in an amount to be determined at trial, but not to exceed $250,000;
> b. Other structures in an amount to be determined at trial, but not to exceed $30,000;
> c. Damages to contents, in an amount to be determined at trial, but not to exceed $10,000;
> d. Debris removal for Dwelling, in an amount to be determined at trial, but not to exceed $15,000;
> e. Debris removal for other structures, in an amount to be determined at trial, but not to exceed $10,000.

---

[1] All factual allegations are taken as true as alleged in Plaintiff's Complaint (#1).

Plaintiff's negligence claim asserts that Liberty failed to conduct a reasonable investigation in violation of ORS 746.230(1)(d) and failed to attempt to promptly and equitably settle the claim once liability became reasonably clear in violation of ORS 746.230(1)(f). Plaintiff asserts that, as a result of this negligence, she suffered the economic loss of the value of the contractual benefit as alleged above, and she also alleges that she "suffered the noneconomic loss of increased emotional distress and anxiety caused by having fewer financial resources to navigate the loss, in an amount to be proved at trial, but not to exceed $100,000."

The Court agrees with Liberty that the factual allegations as to the emotional distress claim in this case are sparse. However, at the pleading stage, Plaintiff must only allege sufficient facts to state a plausible claim for relief, and to give adequate notice to the Defendant to allow it to investigate, answer, and proceed with discovery.

Plaintiff alleges that her home was invaded, and her property destroyed. Instead of receiving the support of the financial resources that allegedly should have been provided if Liberty had adequately investigated and promptly paid the claim once liability was reasonably clear, she was left to navigate the impacts of the home invasion without those resources, causing increased stress and anxiety. *Moody,* 371 Or. at 805. While "the objective indicators of possibly serious emotional injury" may not appear to be as grave as that of a widowed spouse of a sole breadwinner, the Court cannot discount the emotional distress suffered by a person whose home was invaded and property destroyed. Plaintiff will certainly have to show evidence of emotional distress in order to recover these damages, but the Court cannot say that such damages are wholly precluded, particularly considering the *Moody* Court's instruction to consider "all of those factors," and not to rely on any one of them alone. *Id.* Because the first two factors are

undeniably met, and the third is arguably met, Plaintiff can maintain a claim for emotional distress damages as to the negligence per se claim.

## ORDER

For the reasons above, Defendant Liberty's motion to dismiss Plaintiff's claim for emotional distress damages (#27) is DENIED.

It is so ORDERED and DATED this __30__ day of October, 2024.

MARK D. CLARKE
United States Magistrate Judge