IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LUBNA S. MOHAMMAD,

    Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

    Defendant.

Case No. 1:23-cv-000691-CL

OPINION AND ORDER

CLARKE, Magistrate Judge

    Plaintiff Lubna Mohammad brings this cause of action against Defendant Liberty Insurance Corporation ("Liberty") for breach of an insurance contract and the duty of good faith and fair dealing. Plaintiff also brings a claim for negligence per se based on Liberty's alleged violations of the Oregon Unfair Claims Settlement Practices Act, ORS 746.230. Full consent to magistrate jurisdiction was entered on April 18, 2024 (#28). The case comes before the Court on Liberty's Motion for Summary Judgment (#39). The Court heard oral argument on the motion on February 20, 2025. For the reasons below, the Motion (#39) is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## BACKGROUND

a. *Undisputed facts*

Plaintiff owns a house in O'Brien, Oregon, ("the Property"), which she inherited when her father passed away. Seeking insurance coverage for the Property while her father's estate went through probate, Plaintiff looked online and found Liberty's website, which offered

residential insurance policies. Plaintiff checked a few boxes on the online form, and Liberty issued her a homeowner's policy ("the Policy"). Plaintiff did not speak to an agent or anyone else at Liberty before the Policy was issued.

Plaintiff never lived at the house on the Property. At the time Plaintiff inherited it, and at the time she procured the Policy, the house was being rented by tenants. Plaintiff attests that there was no landlord-specific policy offered online by Liberty at the time she purchased the Policy for the Property. The Policy was issued September 22, 2020, and was renewed September 22, 2021.

The Property sustained a vandalism loss (hereafter the "Loss") that was discovered in July, 2022. When Plaintiff filed a claim against her policy for the Loss, Liberty denied coverage, claiming that it was a condition of coverage for the Policy for Plaintiff to reside on the Property she insured. Plaintiff filed this suit, and Liberty moves for summary judgment against her claims.

    b. *Insurance Policy terms.*

The relevant Policy terms at issue state:

> COVERAGE A – DWELLING (INCLUDES RESTRICTIONS OR ABRIDGMENTS)
> We cover:
> 1. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and
>
> ...
>
> DEFINITIONS (INCLUDES RESTRICTIONS OR ABRIDGEMENTS)
>
> ...
>
> 8. "residence premises" means:
> a. the one family dwelling, other structures, and grounds; or
> b. that part of any other building;
> where you reside and which is shown as the "residence premises" in the Declarations...

> "Residence premises" also means a two family dwelling where you reside in at least one of the family units and which is shown as the "residence premises" in the Declarations.
>
> ...
>
> COVERAGE C – Personal Property (INCLUDES RESTRICTIONS OR ABRIDGEMENTS
> PROPERTY NOT COVERED. We do not cover:
>
> ...
>
> 6. Property in an apartment regularly rented or held for rental to others by an "insured"...
> 7. Property rented or held for rental to others off the "residence premises"...
>
> ...
>
> ADDITIONAL COVERAGES (INCLUDES RESTRICTIONS OR ABRIDGMENTS)
>
> ...
>
> 10. Landlord's Furnishings. We will pay up to $2500 for your appliances, carpeting and other household furnishings, in an apartment on the "residence premises" regularly rented or held for rental to other by an "insured," for loss caused only by the following Perils Insurance Against:
>
> ...
>
>> h. Vandalism or malicious mischief.

Plf.'s Resp., Ex. 3 (ECF #41-3).

## DISCUSSION

Plaintiff brings three claims for relief: (1) breach of the insurance contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) negligence per se. Defendant Liberty moves for summary judgment on all three claims.

For the reasons below, Liberty is not entitled to summary judgment as to Plaintiff's first two claims. As to the third claim for negligence per se, however, Plaintiff has failed to carry her burden to show a prima facie case for emotional distress, and Liberty is entitled to summary judgment on that claim.

**I.   Liberty's Motion for Summary Judgment, based on the Policy's definition of "residence premises," is denied.**

   *a. Denial of coverage for dwelling proceeds.*

The basis for Liberty's denial of coverage for dwelling proceeds under the Policy, and the basis for the motion for summary judgment on these issues, is a clause of the Policy defining the term "residence premises." According to the Policy's "Definitions" section, "residence premises" means:

> a. The one family dwelling, other structures and grounds; or
> b. That part of any other building;
> where you reside and which is shown as the "residence premises" in the Declarations.
> "Residence premises" also means a two-family dwelling where you reside in at least one of the family units and which is shown as the "residence premises" in the Declarations.

Based on this definition, Liberty asserts that Plaintiff was required to reside at the covered property in order for the Loss to be covered under the Policy. In other words, actual residence on the property was a condition of coverage. Because Plaintiff never resided at the property, Liberty concludes that she is unable to recover for any loss. The Court disagrees.

Oregon courts have held that a definitional term of an insurance policy, such as "residence premises" is only a descriptor and cannot be interpreted as a coverage exclusion. *Farmers Ins. Co. v. Trutanich*, 123 Or. App. 6, P.2d 1332 (1993). In *Trutanich*, the policy language was nearly identical to the present case, and the insurer denied coverage on the ground that the insured did not reside in the dwelling at the time the loss occurred. *Id*. The *Trutanich* court determined that the loss was covered even though the insured did not reside in the home when the loss occurred. *Id*. The court held that Oregon insureds are entitled to specific notice of any reason coverage may be excluded for an exclusion to be unenforceable, and that a policy definition identifying the insured premises is not specific enough to qualify as an exclusion. *Id*. Similarly, in *Insurance Co. of North America v. Howard*, 679 F2d 147 (9th Cir 1982), the court

held that, under Oregon law, if an insurance company wishes to have a homeowner's policy terminate upon rental of his home, it must so provide explicitly and unambiguously in the policy.

Liberty relies heavily on *Smith v. Mut. of Enumclaw Ins. Co.*, 2015 WL 4647801, (D. Or. Aug. 5, 2015). In that case, the court distinguished *Trutanich*, primarily because *Trutanich* involved a coverage denial, while *Smith* involved a reduced limit of liability. *Id.* at *4. The court noted that this was the primary distinction because policy considerations weighed strongly in favor of ensuring a person could not forfeit all coverage without clear notice. The court also found that *Trutanich* could be distinguished because it involved the destruction of a home, as opposed to personal property, and because the structure of the policy provisions at issue in *Trutanich* made it ambiguous as to which structures the phrase "where you reside" should apply, whereas, in *Smith,* the provisions lacked that ambiguity.

In arguing that this case is similar to *Smith*, Liberty disregards the primary concern, which is that in both *Trutanich* and the case at bar, "policy considerations weigh strongly in favor of ensuring that a person cannot forfeit all coverage without clear notice." Here, as in *Trutanich*, the residency requirement in the definition of "resident premises" does not constitute clear, specific, and unequivocal notice that renting the property, or failing to reside in the property, will forfeit all coverage.

Moreover, it is undisputed that Plaintiff did not have any other notice that residence on the Property was a condition of coverage. She never resided at the Property. She used Liberty's online portal to select a policy that she believed would cover the premises that she inherited from her father. She attests that there was no option available online for a landlord-specific policy, and Liberty has not disputed that assertion. Neither party has pointed to any provisions in the Exclusions of the Policy that indicate that renting the Property would void her coverage. There is

also no evidence that Liberty ever notified Plaintiff that renting the Property would void coverage. No agent or employee ever asked to view the property, and no one from Liberty ever contacted Plaintiff to determine if she lived at the Property. The Property was being rented by tenants when she procured the Policy and when she renewed the Policy, and Plaintiff reasonably believed that the Policy would provide her coverage in the event of a loss. Liberty has not shown that she had specific and unequivocal notice otherwise. Liberty's motion as to Plaintiff's first claim for breach is denied.

Liberty moves for summary judgment as to Plaintiff's second claim and third claims, for breach of the implied covenant of good faith and fair dealing and negligence per se, relying on the same arguments discussed above – that the definition of "residence premises" unambiguously excludes coverage for a rental property. For the same reasons discussed above, Liberty's motion as to all three claims is denied.[1]

*b. Denial of coverage for personal property.*

Liberty also denied coverage outright as to Plaintiff's claim for personal property, for the damage to the contents of the house on the Property. Liberty asserts that Plaintiff's personal property is excluded based on the "PROPERTY NOT COVERED" section of the Coverage C-Personal Property section of the Policy. This section explicitly excludes "Property in an apartment[2] regularly rented or held for rental to others by an insured...," as well as "Property rented or held for rental to others off the 'residence premises.'"

---

[1] Liberty also moves for summary judgment on the third claim negligence per se for alternative reasons, which will be addressed below.

[2] It is unclear to the Court whether the dwelling at issue could properly be considered an "apartment." However, neither party argues that this description makes the terms at issue in this subsection ambiguous, therefore that issue is not before the Court in this case.

Plaintiff does not dispute this exclusion but argues that another provision explicitly grants up to $2,500 of coverage for the loss of personal property. The Policy's "ADDITIONAL COVERAGES" section states:

> Landlord's Furnishings. We will pay up to $2500 for your appliances, carpeting and other household furnishings, in an apartment on the "residence premises" regularly rented or held for rental to other by an "insured," for loss caused only by the following Perils Insurance Against:
>
> ...
>
> h. Vandalism or malicious mischief.

Liberty contends that the Additional Coverage for Landlord furnishings only cover personal property when the landlord resides on the Property, based on the definition of "residence premises." As discussed above, Oregon courts have held that a definitional term of an insurance policy, such as "residence premises" is only a descriptor and cannot be interpreted as a coverage exclusion. *Trutanich*, 123 Or. App. 6. For the same reasons discussed above, disposition of this issue cannot rest on such a definitional exclusion. This motion is denied.

**II.    Liberty's Motion for Summary Judgment as to the negligence per se claim is granted because Plaintiff has not established that she suffered a serious emotional injury, as required.**

Plaintiff's negligence per se claim is based on Liberty's alleged violation of ORS 746.230. Plaintiff claims that Liberty violated the statute by refusing to pay insurance benefits without conducting a reasonable investigation, by not attempting in good faith to promptly and equitably settle a claim in which the insurer's liability has become reasonably clear, and by compelling Plaintiff to initiate litigation to recover amounts due. *See* ORS 746.230(1)(d)-(f). In asserting harm, Plaintiff alleges that she "suffered the economic loss of the value of the contractual benefit," and that she "suffered the noneconomic loss of increased emotional distress and anxiety caused by having fewer financial resources to navigate the loss." Complt. (#1) at 10.

This Court has already determined that Plaintiff's allegations sufficiently state a claim for emotional distress based on Liberty's alleged negligence in violation of ORS 746.230 (*See* Opinion and Order ECF # 37, denying Liberty's Motion to Dismiss). The Court based this determination on the fact that the Oregon Supreme Court's recent decision in *Moody* recognized that this statute imposes obligations on insurers designed to protect insured from both financial burdens and emotional harms. *Moody v. Oregon Community Credit Union*, 371 Or. 772 (2023).

Liberty moves for summary judgment on this claim for two reasons. First, Liberty claims that the emotional distress of "an absentee landlord" cannot possibly be analogous to the emotional distress experienced by the life insurance claimant in *Moody*, who suffered the loss of a breadwinner spouse. Setting aside that Plaintiff in this case also lost a family member in the course of events – she inherited this Property when her father passed away, the Court declines to set a hard line disallowing certain kinds of emotional distress claims altogether. Such a hard line is not required by the *Moody* Court's analysis, as discussed in this Court's prior Opinion and Order (ECF #37). Therefore, summary judgment for this reason is denied.

Liberty moves for summary judgment as to this claim for the alternative reason that the record contains no facts that establish that Plaintiff actually suffered a serious emotional injury as a result of Liberty's alleged negligence. The Court agrees. When a party moves for summary judgment on a claim, the nonmoving party may not rest on the allegations contained in the Complaint. Instead, the opposing party must cite to particular parts of materials in the record, or submit new evidence to the Court, as provided by Rule 56(c), which contradict the facts shown in the moving party's declarations, documents, and materials. In other words, the opposing party must show that there is a genuine dispute of material fact for trial. Plaintiff has not done so in

this case. Therefore, Plaintiff's claim for negligence per se resulting in emotional distress damages fails. Liberty's motion for summary judgment as to this claim is GRANTED.

## ORDER

For the reasons above, Defendant Liberty's Motion for Summary Judgment (#39) is GRANTED in part and DENIED in part.

It is so ORDERED and DATED this ___1___ day of April, 2025.

MARK D. CLARKE
United States Magistrate Judge